IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THOMAS PERKO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   20-cv-762-RJD |
| ) | |
| LOVE'S TRAVEL STOPS & COUNTRY ) | |
| STORES, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Thomas Perko initiated this personal injury action on June 23, 2020 in the Third Judicial Circuit in Madison County, Illinois.  It was removed by Defendant to this Court on August 5, 2020.  On September 10, 2020, the undersigned entered a Scheduling and Discovery Order indicating discovery was to be completed by April 30, 2021.

On August 5, 2021, (over three months after the discovery deadline had passed), Attorney Samuel Mormino sought to withdraw as counsel for Plaintiff, and on August 23, 2021, Attorney Mark Floyd entered his appearance on behalf of Plaintiff.  Now before the Court is Plaintiff's Motion for Time Extension (Doc. 29).   For the reasons set forth below, the Motion is **DENIED**.

In his motion, Plaintiff indicates that Attorney Floyd recently received and reviewed discovery provided by defense counsel.  Attorney Floyd represents there were no depositions taken on behalf of Plaintiff in furtherance of the legal issues relevant to this case, nor were there named retained experts for Plaintiff, IME reports, medical reports, or medical depositions addressing medical legal issues relevant to the contested legal issues in this case.   Plaintiff asks the Court to extend the discovery deadline to allow Plaintiff's counsel to arrange an IME, medical

deposition, and allow Plaintiff to depose designated witnesses and/or Defendant's employee(s). Plaintiff asks that discovery be opened for seven months to accomplish his requests.

Defendant responded to Plaintiff's motion asserting Plaintiff is essentially requesting that counsel be permitted to engage in unlimited discovery that should have been completed prior to the April 30, 2021 discovery deadline. Defendant asserts there is no claim that Plaintiff or his attorney were unable to or were precluded from conducting all necessary discovery on a timely basis. As such, Defendant argues there is neither good cause nor excusable neglect to extend the discovery deadline.

Defendant's objection is well-taken. Under Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011). In order to demonstrate "good cause," a party must show that despite their diligence, the time table could not have reasonably been met. *Tschantz v. McCann*, 160 F.R.D. 568, 571 (N.D. Ind. March 28, 1995) (citation omitted).

Plaintiff makes no mention of the "good cause" standard in his motion. Indeed, Plaintiff sets forth no explanation for his inability to conduct the discovery he now seeks during the more than seven months the parties were provided. There is no precedent for finding a change in counsel constitutes good cause to reopen the discovery period. *See Heggen v. Maxim Healthcare Services, Inc.*, No. 1:16-cv-00440-TLS-SLC, 2018 WL 348461, *2 (N.D. Ind. Jan. 10, 2018). Indeed, "[t]here is no principle that each new attorney for a litigant must have an independent opportunity to conduct discovery." *Carson v. Bethlehem Steel Corp.*, 82 F.3d 157, 159 (7th Cir. 1996). "Shortcomings in counsel's work come to rest with the party represented." *Id.* (citation omitted). Thus, insofar as previous counsel failed to engage in the discovery now sought, such

failure does not constitute good cause to reopen discovery under Rule 16(b). The Court also finds it insufficient to establish excusable neglect under Rule 6(b). Accordingly, based on the current record before the Court, Plaintiff's Motion for Time Extension (Doc. 29) is **DENIED**.

This matter is set for a status conference on **November 4, 2021 at 10:00 a.m.** The parties should call Judge Daly's conference line at 618-439-7731 to join the call. The purpose of the call is to reset this matter for trial[1].

**IT IS SO ORDERED.**

**DATED: October 22, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] The Court notes that in its response, Defendant asked the Court either deny the motion or defer ruling on the same for 45 days to allow the parties to engage in mediation. The parties remain free to schedule a mediation or contact the chambers of the undersigned to schedule a settlement conference if they believe it would be productive.